■ In the Matter of DISCO-DANCE, INC., Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— Order and judgment entered on December 20th, 1967 in this article 78 proceeding, annulling respondent State Liquor Authority's determination disapproving petitioner's application for an entertainment liquor license and directing the issuance of such license upon petitioner's representing, in writing, to the respondent, that its principals would completely divest themselves of their interests in a billiard parlor owned by them, reversed, on the law and the matter remanded to the Authority for reconsideration, without costs or

disbursements. On the basis of the present record it appears that Special Term acted upon facts which were not before the Authority when it made its determination. Upon the remand the Authority may consider petitioner's application *de novo*. Concur — Capozzoli, Tilzer, McGivern and McNally, JJ.; Steuer, J. P., dissents in the following memorandum: I dissent. The disposition made by Special Term was well warranted by the facts. Respondent has refused petitioner's application for a liquor license for its premises located at 47th Street and Broadway. There can be no doubt that the application was refused because of the nature of the enterprise to be carried on in the premises sought to be licensed. The petitioner conducts a dance hall on the second floor of the building. On a raised platform inside a seven-foot window, and plainly visible from the abutting sidewalk, several girls perform a so-called "Go-Go" dance. One could very well sympathize with respondent's aversion of this type of operation and accord with their refusal to further it by granting it a license. But neither the Authority nor this court in passing on its ruling can allow its views on the desirability of the operation to control. In the 17 days from August 12 to August 29, 1967, eight summonses were issued against petitioner for various violations of the Administrative Code in connection with maintaining the premises in this way, and all were dismissed. It is now no longer contended that the operation offends against any law or ordinance. While this does not make it any more palatable, it does remove the operation from the prohibited class. Respondent now concentrates its attack on a different front. Relying on the incontestable fact that these premises are located in a sensitive area and will require strict supervision if they are to remain orderly, respondent claims that the other activities of petitioner's principals will prevent them from giving the necessary attention to that supervision. In this connection respondent points to the fact that said principals are currently the owners and operators of a billiard parlor on West 79th Street. When this point was raised at Special Term, petitioner's principals promptly offered to dispose of their interest in the billiard parlor and to consent to make the issuance of the license conditional on their so doing within 90 days. Respondent refused to accept the condition, asserting its right to review the application *de novo* in the light of this change of circumstance. The majority of this court agrees with this position. It must be obvious that the respondent's position is a mere subterfuge for delay and that the reversal of Special Term countenances the subterfuge. The respondent has raised an objection. That objection has been obviated. Plainly the situation in regard to the issuance of a license is as if the objection had never existed. Yet the respondent desires to consider the application anew when it has already considered it and found no valid existing objection. If this were an exercise in futility it might be dismissed as of no moment. But it is not. Despite persistent effort, it has taken the petitioner over 10 months to reach this stage in its proceeding to review respondent's action. The respondent can anticipate with confidence that the new proceeding ordered will take at least that long to reach final disposition. By that time the resources of petitioner's principals could well be exhausted and attrition will have accomplished what assault could not. I do not believe that we should lend ourselves to this type of administration, no matter how strongly we disapprove of petitioner's project.